[Doc. No. 4]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 71.226.241.81,<br><br>          Defendant. | Civil No. 17-12779-RMB-KMW |

**AMENDED ORDER**

THIS MATTER is before the Court on the Motion [Doc. No. 4] filed by Plaintiff seeking leave to serve a third party subpoena prior to the Rule 26(f) conference. The Court has reviewed the submissions and notes that there is no opposition to this Motion. The Court has decided this matter pursuant to Federal Rule of Civil Procedure 78(b) and for the reasons that follow, Plaintiff's Motion is granted.

This action involves the alleged copyright infringement of Plaintiff's motion pictures by John Doe Defendant. *See, generally,* Compl., Doc. No. 1. Plaintiff alleges that John Doe Defendant used an internet file sharing protocol called BitTorrent to infringe Plaintiff's copyrighted work without authorization. *Id.* at ¶¶ 17-30. As a result of the alleged infringement, Plaintiff alleges that it has suffered a substantial loss.

1

In the Complaint, Plaintiff identifies the John Doe Defendant only by an IP address. *See* Compl. Accordingly, by way of the instant Motion, Plaintiff seeks leave to serve a subpoena on the Defendant's Internet Service Provider ("ISP"), Comcast Cable Communications, LLC, in advance of the Rule 26(f) conference in order to ascertain the name and address of Defendant. Pl.'s Br. at 1-2. Plaintiff argues that good cause exists to grant the requested discovery because it has clearly identified the specific discovery sought, there are no alternative means of obtaining the identity of Defendant, it needs the information to advance its claims, and its interest in obtaining Defendant's true identity outweighs Defendant's interest in remaining anonymous. *Id.* at 5-10.

Pursuant to Federal Rules of Civil Procedure 26, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." Fed. R. Civ. P. 26(d)(1). Generally, courts considering motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in cases similar to this matter apply the "good cause" test. *Malibu Media, LLC v. John Does 1-11*, No. 12-7615, 2013 U.S. Dist. LEXIS 26217, at *4-5 (D.N.J. Feb. 26, 2013). "Good cause exists where 'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the

2

responding party.'"  *Id.* at \*5 (quoting *Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009)).

Here, consistent with the holding of many courts in this District, the Court finds that Plaintiff has demonstrated good cause and will be granted leave to serve a subpoena on John Doe Defendant's ISP to ascertain Defendant's name and address only because the Court recognizes that without the discovery sought, Plaintiff will be unable to discover the identity of the alleged infringer.  *W. Coast Prods., Inc. v. Does 1-169*, No. 12-5930, 2013 WL 3793969, at \*3-4 (D.N.J. July 19, 2013); *Battle Force, LLC v. John Doe 1-39*, No. 12-6539-JBS-KMW, Doc. No. 9 (May 9, 2013); *Malibu Media, LLC*, 2013 U.S. Dist. LEXIS 26217, at \*11-12.

However, many courts impose safeguards to protect the privacy rights of potentially innocent individuals because Plaintiff's request to serve subpoenas on ISPs to obtain the identity of the account holder of the allegedly infringing IP address may not actually reveal the alleged infringer.  *W. Coast Prods., Inc.*, 2013 WL 3793969, at \*3-4; *Battle Force, LLC v. John Doe 1-39*, No. 12-6539-JBS-KMW, Doc. No. 9 (May 9, 2013); *Malibu Media, LLC*, 2013 U.S. Dist. LEXIS 26217, at \*10-12.  Thus, to protect the privacy interest of the John Doe Defendant, the Court will grant Plaintiff's request but will limit the request to protect the interests of said individuals.  Consequently, for the forgoing reasons,

3

IT IS on this **26th** day of **January, 2018** hereby:

**ORDERED** that Plaintiff's Motion [Doc. No. 4] seeking leave to serve a subpoena pursuant to Rule 45 prior to the Rule 26(f) conference is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiff may serve Comcast Cable Communications, LLC, John Doe Subscriber Assigned IP Address 71.226.241.81's ISP provider, with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address **only** associated with the IP address set forth in the Complaint.[1]  Plaintiff shall attach to any such subpoena a copy of this Order.  Under no circumstances is Plaintiff permitted to seek or obtain the telephone number(s), email address(es), or any other information associated with this individual; and it is further

**ORDERED** that the ISP shall provide the internet subscriber with a copy of this Order and a copy of the subpoena received from Plaintiff; and it is further

**ORDERED** that upon receipt of this Order and the subpoena, the internet subscriber shall have twenty-one (21) days to move to quash

---

[1] If the ISP qualifies as a "cable operator," pursuant to 47 U.S.C. § 551(c)(2)(B), a cable operator may disclose said information "if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."

4

the subpoena or move in the alternative for a protective order;[2] and it is further

**ORDERED** that after providing the subscriber with the subpoena and a copy of this Order, the ISP shall not provide responsive information to Plaintiff until the latter of the expiration of twenty-one (21) days or resolution of any motion to quash or for a protective order; and it is further

**ORDERED** that Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to Defendant; and it is further

**ORDERED** that Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

s/ Karen M. Williams
KAREN M. WILLIAMS
United States Magistrate Judge

cc:  Hon. Renée Marie Bumb

---

[2] Nothing in this Order shall be construed as limiting the ISP's right to oppose the subpoena on its own behalf.